UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN BOEHM,<br>    Petitioner, | :<br>:<br>: |
| v. | :    Case No. 3:23-cv-36 (OAW) |
| WARDEN PULLEN,<br>    Respondent. | :<br>:<br>: |

### RULING ON PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241

The petitioner, Brian Boehm, is a sentenced federal inmate in the custody of the Bureau of Prisons ("BOP") currently housed at FCI-Danbury. Pet. for Writ of Habeas Corpus under 28 U.S.C. § 2241, at 1, ECF No. 1 [hereinafter "Pet."]. He is serving a sentence of 120 months' incarceration with ten years' supervised release. *See* Mem. of Law in Supp. of Mot. to Dismiss 1, ECF No. 6-1 [hereinafter "Mot. to Dismiss"].

Petitioner filed the instant petition, challenging his allegedly unconstitutional disciplinary finding of guilt, and his sanctions of a 27-day loss of loss of Good Time Credit and a three-month loss of telephone privileges. *See* Pet. ¶ 6. He requests the court to order (1) expungement of his incident report; (2) removal of sanctions pertaining to the incident; and (3) restoration of his Good Time Credit taken away as result of the disciplinary hearing. *Id.* ¶ 15.

Respondent has responded with a motion to dismiss the petition, arguing that Petitioner has failed to exhaust administrative remedies under 28 U.S.C. § 2241 and that Petitioner's due process claims are without merit. *See generally* Mot. to Dismiss.

For the reasons that follow, Respondent's motion to dismiss is **GRANTED.**[1]

---

[1] Exhaustion for a section 2241 habeas petition is a judge-made rule subject to judge-made exceptions. *U.S. ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. [ ] Section

1

I.  **STANDARD OF REVIEW**

The court "reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)." *Spiegelmann v. Erfe*, No. 3:17-cv-2069(VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").  As exhaustion is not a jurisdictional requirement for a Section 2241 petition, the court dismisses Petitioner's claims for failure to establish the merits of a due process violation but does not consider whether Petitioner properly exhausted his BOP administrative remedies prior to filing the instant Petition.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While not a "probability requirement," the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.*

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991)); *see Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

II.     **FACTUAL BACKGROUND**

The court recounts the following factual background as reflected in the materials submitted in support of the petition.  The court also includes facts reflected in Respondent's materials—including the relevant incident report, Notice of Discipline Hearing, and Discipline Hearing Officer Report—consistent with the standard for a motion to dismiss under Federal Rule 12(b)(6).  *See Brass*, 987 F.2d at 150.

On October 9, 2020, Petitioner received an incident report for circumventing the telephone monitoring procedures by allowing another inmate to use his TRUFONE

account.  *See* Incident Report, Ex. A, ECF No. 6-3.  The incident report reflects that a copy of the report was delivered to Petitioner at 1:17 PM that day.  *Id.*

On October 14, 2020, Petitioner was provided with a written notice of an upcoming discipline hearing.  Notice of Discipline Hearing, Ex. B, ECF No. 6-3 at 4.  The Notice includes notations indicating that Petitioner requested Officer Cannarozzi as a staff representative and that Petitioner did not wish to have witnesses.  *See id.*[2]

On November 19, 2020, Officer A. Amico, a Disciplinary Hearing Officer ("DHO") held a hearing on Petitioner's charges.  Discipline Hearing Officer Report, Ex. D, at 2, ECF No. 6-3.

The DHO Report dated December 1, 2020, reflects that Officer Cannarozzi, who appeared as Petitioner's staff representative, provided the following statement: "[Petitioner] told me he didn't get an A&O [Admission and Orientation] handbook [and] hasn't been thr[ough] A&O."  *Id.* at 1.  In addition, the DHO Report indicates that Petitioner denied the charges and waived his right to have witnesses.  *See id*.  It summarized Petitioner's statement: "I didn't realize it was against the rules.  If I knew, I would have called myself.  I never received a copy of my A&O Booklet."  *Id.*

Officer Amico provided a written statement for his determination that the evidence supported a violation of Code 297 – Telephone Abuse for Uses Other than Criminal Activity.  *See id.* at 1–3.  The DHO noted that he considered staff's written account of the incident and Petitioner's statements that he did not realize his conduct was against the

---

[2] A BOP document (BP-S293.092), which advises inmates of their rights at a disciplinary hearing, appears to show Petitioner's signature dated October 14, 2020.  Inmate Rights at Discipline Hearing, Ex. C, ECF No. 6-3.

4

rules and had not received the A&O handbook. *See id.* at 9.[3] He explained that Petitioner's statements about not knowing the rules and not receiving the A&O handbook lacked credibility because (1) a review of Petitioner's intake screening forms reflected that Petitioner had acknowledged his receipt of A&O handbook on August 13, 2020, and (2) Petitioner was responsible for knowing the rules of the institution when signing for and receiving his A&O handbook. *Id.* at 9.

Thus, the DHO concluded that "based on the greater weight of evidence," the Petitioner was guilty of committing a Code 297 offense and sanctioned him to a 27-day loss of good conduct time and three-month loss of phone privileges (suspended pending 90 days clear conduct). *Id.* at 9–10 (sanctioning Petitioner to "27 days DIS GCT, 3 Months Loss of Telephone (SUSPENDED pending 90 Days Clear Conduct)").

Petitioner has attached his copy of the DHO report indicating it was delivered to him by B. Levesque on December 3, 2020. *See* Pet. 27.

## III. DISCUSSION

Under 28 U.S.C. § 2241, a federal prisoner "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas review in federal court. 28 U.S.C. § 2241(c)(3). A petition filed pursuant to § 2241 may be used to challenge the execution of a prison sentence, and such petitions are appropriately used to expunge disciplinary sanctions, including the loss of good time credits, from a prisoner's record. *See Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001).

---

[3] The DHO Report also indicates that the DHO considered documentary evidence including the "TRUFONE Recorded Calls Report" and Petitioner's "Intake screening form," in addition to the Incident Report and any investigatory materials. *Id.* at 8.

The Fifth Amendment to the Constitution of the United States provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  Pursuant to the Fifth Amendment, inmates deprived of Good Time Credit or sanctioned segregation as a result of disciplinary proceedings are entitled to the "minimum requirements of procedural due process."  *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *see Wolff v. McDonnell*, 418 U.S. 539, 556–57 (1974) (noting that prisoner's good time credits created under state law gave rise to liberty interest).  But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff*, 418 U.S. at 556.  "[T]o comport with procedural due process, an inmate charged with a violation in a disciplinary hearing must be given: '(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'"  *Williams v. Menifee*, 331 F. App'x 59, 60 (2d Cir. 2009) (quoting *Superintendent*, 472 U.S. at 454).

Judicial review of the written findings required by due process is limited to determining whether the disposition is supported by "some evidence."  *Superintendent*, 472 U.S. at 455 ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). This is because "requirement of 'some evidence' . . . would help prevent 'arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens.'"  *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004) (quoting

*Superintendent*, 472 U.S. at 455) (construing "some evidence" as "reliable evidence" of inmate's guilt).  Likewise, a hearing officer may satisfy the due process standard of impartiality if there is "some evidence" in the record to support the findings of the hearing. *See Leyva v. Warden*, 699 F. App'x 4, 5 n.2 (2d Cir. 2017).

Here, Petitioner fails to show his entitlement to relief based on a Fifth Amendment due process violation.

Petitioner challenges both the outcome of the DHO hearing and also the alleged violation of due process leading up to it.  *See* Pet. 11–12.  The court addresses each argument seriatim.

As to the outcome, Petitioner appears to challenge his guilty finding based on a claim of insufficient evidence because the DHO did not reasonably interpret Petitioner's statement about not knowing he was prohibited from permitting another inmate to use his TRUFONE account.  *See* Pet. 11.  However, the record reflects that "some evidence" supported the DHO's determination that Petitioner's testimony was not credible, and greater weight should be afforded to the staff report that Plaintiff had circumvented the telephone monitoring procedures.  *See Spiaggi v. Pullen*, No. 3:22-cv-276(CSH), 2023 WL 4458263, at *4 (D. Conn. July 11, 2023) (granting motion to dismiss because disciplinary guilty finding was based on reliable evidence as DHO reasonably interpreted Petitioner's disciplinary hearing testimony as an unwitting confession to a disciplinary infraction); *Mendez v. Bell*, No. 3:16-cv-2123(JAM), 2018 WL 4039321, at *3 (D. Conn. Aug. 23, 2018) (concluding DHO decision was supported by "some evidence" as Petitioner's challenges to the DHO's guilty find claims "go to the weight of the evidence relied on by the DHO" and "[i]t is not the province of this Court, given the limited standard

of review, to weigh the evidence presented to the DHO"); *see also Giano v. Senkowski*, 54 F.3d 1050, 1055 (2d Cir. 1995) (according "substantial deference to the informed judgment of prison officials on matters of prison administration").

As to due process, Petitioner claims a violation of a disciplinary process regulation by not permitting him to meet with his staff representative at least twenty-four hours prior to his hearing. *See* Pet. at 11. In so claiming, however, Petitioner cites to internal policies implemented by BOP. *See id.* The United States Court of Appeals for the Second Circuit previously has ruled that the minimum due process requirements under *Wolff*—rather than any BOP regulation—are the guidelines by which the court must judge § 2241 petitions. *See Rodriguez v. Lindsay*, 498 F. App'x. 70, 71 (2d Cir. 2012) (ruling that "the only process due an inmate is that minimal process guaranteed by the Constitution, as outlined in *Wolff*"). This is to say, where the *Wolff* standards have been met, violations of BOP's internal policies do not amount to a violation of Fifth Amendment due process rights. *See Fontanez v. Pullen*, No. 3:22-cv-1168(SVN), 2023 WL 5334375, at *6 (D. Conn. Aug. 18, 2023) (noncompliance with a BOP regulation that is not also a violation of the minimal constitutional standards set forth in *Wolff* cannot offend due process).

The *Wolff* standards have been met here. The record indicates that Petitioner was afforded: advance written notice of the hearing; an opportunity to call witnesses and to present documentary evidence in his defense, with the presence of a staff representative; and a written statement by the DHO setting forth evidence relied upon and the reasons for the disciplinary action. *See* Notice of Discipline Hearing, Ex. B, ECF No. 6-3 (notifying Petitioner of the hearing and reflecting Petitioner's decision to not have witnesses separate from a staff representative); Inmates Right at Discipline Hearing, Ex. C, ECF

No. 6-3 (notifying Petitioner of his rights ahead of the DHO hearing); Discipline Hearing Officer Report, Ex. D, ECF No. 6-3 (explaining DHO's decision with supporting evidence and information).

Accordingly, the court concludes that the Petition and documents incorporated by reference reflect that Petitioner received all of the process due for his disciplinary proceeding. Thus, Petitioner has not stated any plausible grounds for relief and Respondent's motion to dismiss must be granted.

### IV.     **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss, ECF No. 6, is GRANTED and the petition brought under 28 U.S.C. § 2241 is DISMISSED.  The Clerk respectfully is instructed to please close this case.

Any appeal from this order would not be taken in good faith.

IT IS SO ORDERED at Hartford, Connecticut this 11th day of January, 2024.

_____/s/_____
Omar A. Williams
United States District Judge